

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5·2·14

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAILEE ROS NGUON, | ) Case No. CV 14-3079-RGK (RNB) |
| Petitioner, | ) |
| vs. | ) ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| PAUL BRAZELTON, | ) |
| Respondent. | ) |

On April 22, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

It appears from the face of the Petition that it is directed to the same 2003 Los Angeles County Superior Court conviction as a prior habeas petition filed by petitioner in this Court on May 23, 2006, in Case No. CV 06-3168-RGK (RC) [the "Prior Action"]. On September 11, 2007, Judgment was entered in the Prior Action denying the petition and dismissing the action with prejudice. Petitioner filed an untimely notice of appeal from that Judgment, and his requests for a Certificate of Appealability subsequently were denied in turn by this Court and the Ninth Circuit.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28

1

1   U.S.C. § 2244(b) to read, in pertinent part, as follows:

2         "(1) A claim presented in a second or successive habeas corpus

3   application under section 2254 that was presented in a prior application

4   shall be dismissed.

5         (2) A claim presented in a second or successive habeas corpus

6   application under section 2254 that was not presented in a prior

7   application shall be dismissed unless–

8         (A) the applicant shows that the claim relies on a new rule

9   of constitutional law, made retroactive to cases on collateral

10   review by the Supreme Court, that was previously unavailable; or

11         (B)(i) the factual predicate for the claim could not have

12   been discovered previously through the exercise of due diligence;

13   and

14         (ii) the facts underlying the claim, if proven and viewed in

15   light of the evidence as a whole, would be sufficient to establish

16   by clear and convincing evidence that, but for constitutional error,

17   no reasonable factfinder would have found the applicant guilty of

18   the underlying offense.

19         (3)(A) Before a second or successive application permitted by this

20   section is filed in the district court, the applicant shall move in the

21   appropriate court of appeals for an order authorizing the district court to

22   consider the application."

23

24      The Petition now pending constitutes a second and/or successive petition

25   challenging the same conviction as the petition in the Prior Action, within the

26   meaning of 28 U.S.C. § 2244(b). Since petitioner's challenge to his sentence as

27   unconstitutional under the Supreme Court's 2012 decision in <u>Miller v. Alabama</u>, -

28   U.S. -, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) qualifies as a new claim that was

not presented in the Prior Action, it was incumbent on petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 1, 2014

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

3